# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| CORTNÉ MAREESE ROBINSON, § § Petitioner, § § v. § § BOBBY LUMPKIN, Director, Texas § Department of Criminal Justice, Correctional § Institutions Division, § § Respondent. § § | CAUSE NO. 1:17-cv-00011-RWS<br><br>CASE INVOLVING THE DEATH PENALTY |

## OPPOSED MOTION TO SET A BRIEFING SCHEDULE

On July 31, 2019, this Court ordered Petitioner Cortné Robinson to return to state court to exhaust available state court remedies with respect to one or more claims contained in his petition for writ of habeas corpus. Order, ECF No. 67. On November 6, 2020, Petitioner moved to reopen this case following the completion of state court proceedings to exhaust his claims. ECF No. 79. Petitioner now respectfully requests that this Court set a briefing schedule that provides the parties an opportunity to amend their pleadings to reflect the exhaustion proceedings.

Petitioner proposes the following briefing schedule:

1. Petitioner shall file an Amended Petition for Writ of Habeas Corpus on or before March 6, 2021.

2. Respondent shall file an answer within ninety days of the filing of the Amended Petition.

3. Petitioner shall file any reply brief within sixty days after the Respondent files his answer.

It is common for parties to enter briefing schedules following exhaustion proceedings in state court.[1] The principal purpose of permitting the parties to amend their pleadings is to provide the parties the opportunity to address the effect of exhaustion proceedings on the claims pled in the petition and procedural or other defenses pled in the answer. Petitioner submits that the proposed timeline is reasonable in light of the complexity of habeas doctrine, counsel's heavy competing workload demands, and delays caused by working under the conditions of the COVID-19 pandemic. The proposed briefing schedule is not intended to displace any requirements contained in this Court's prior orders, including on page limitations, *see* Order, ECF No. 34 (imposing 115-page limit on petition). Petitioner also recognizes the limits placed on amendment by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes—among other provisions—a one-year statute of limitations, *see* 28 U.S.C. § 2244(d).

Counsel for Petitioner has conferenced this motion with counsel for Respondent. The parties could not reach agreement on the terms of the briefing schedule. Respondent indicated that he would not be opposed to Petitioner's proposed timeline if Petitioner's counsel agreed to restrict the scope of the amendment in advance. Respondent requested that any amendment be limited so that no new claims or evidence will be presented in the amended petition and that, instead, the claims will be limited to the effect of the Texas Court of Criminal Appeals's decision on the current claims.

Petitioner agrees that the CCA's decision is the principal reason for the amendment, and the requested schedule is necessary for that reason alone. What Respondent additionally seeks, however, is a vow no ethical lawyer could make. Petitioner cannot be sure whether new facts,

---

[1] *See, e.g.*, Joint Motion for Proposed Scheduling Order, ECF No. 39, *Granger v. Davis*, No. 1:17-cv-291-MAC-KFG (E.D. Tex. Mar. 27, 2020) (parties jointly seeking leave for petitioner to file a second amended petition following stay and abeyance).

arguments, or case law may arise that affect his rights. Under professional standards for Texas capital counsel, Petitioner's counsel has an ethical obligation to continue investigation.[2] Petitioner's counsel cannot preemptively waive the introduction of evidence or a potential ground for relief which may arise in the course of fulfilling counsel's professional duties and which neither counsel nor Petitioner is aware of. Therefore, Petitioner respectfully submits that any proposed limitation on the scope of amendment is premature.

Since the parties agree that amendment is proper and the timeline is reasonable, Petitioner respectfully requests that the Court grant the motion.

A proposed order accompanies this motion.

Respectfully submitted,

MAUREEN FRANCO
Federal Public Defender
Western District of Texas

 /s/ Joshua Freiman
JOSHUA FREIMAN
Assistant Federal Public Defender
Capital Habeas Unit
NY Bar No. 5353545
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

Counsel for Petitioner

DATED: November 10, 2020

---

[2] *See* Texas Bar, *Guidelines and Standards for Texas Capital Counsel*, Guideline 11.1(A), 69 Tex. Bar J. 966, 971 (Nov. 2006), *available at*
https://www.americanbar.org/content/dam/aba/administrative/death_penalty_representation/Standards/State/TX_Bar_Association_adopted_version_of_ABA_Guidelines.pdf.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 10th day of November, 2020, I electronically filed the foregoing reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Garrett Greene**
**Stephen Hoffman**
Texas Attorney General - Austin
300 West 15th Street
Austin, TX 78701-1220

                     /s/ Joshua Freiman

## CERTIFICATE OF CONFERENCE

  I hereby certify that I have complied with Local Rule CV-7(h)'s conference requirements. The motion is opposed. On Thursday, November 5, 2020, I spoke by telephone with lead counsel for Respondent, Garrett Greene, to try to obtain Respondent's agreement to file jointly a motion to set a briefing schedule. On the telephone call, Mr. Greene indicated he would not be opposed to a briefing schedule and the proposed timeline contained herein. After I sent the proposed motion to Mr. Greene, Mr. Greene responded by a November 6 email that Respondent would be opposed to the briefing schedule unless the motion indicated that no new claims or evidence will be presented in the amended petition and that, instead, the claims will be limited to the effect of the Texas Court of Criminal Appeals's decision on the current claims. As stated in the body of the motion, the parties could not come to an agreement because counsel for Petitioner is ethically barred from acceding to Respondent's terms.

                     /s/ Joshua Freiman