IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CORTNÉ MAREESE ROBINSON, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, Texas § <br> Department of Criminal Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CAUSE NO. 1:17-cv-00011-RWS <br><br> CASE INVOLVING THE DEATH PENALTY |

**PETITIONER'S OPPOSED MOTION FOR LEAVE TO FILE
AMENDED PETITION FOR WRIT OF HABEAS CORPUS
IN EXCESS OF PAGE NUMBER LIMITS**

Under Local Rule CV-3, Petitioner Cortné Robinson may not file a petition longer than 100 pages (excluding attachments, tables, and certificates) in this death-penalty case without leave of the Court. Mr. Robinson respectfully seeks leave to file an amended petition for writ of habeas corpus not to exceed 175 pages, and in support avers as follows:

This is a death-penalty case with a long and complex record. Mr. Robinson's trial record comprises forty-three volumes of the reporter's record and 747 pages of the clerk's record. His state habeas application addressed 23 separate grounds for relief from his conviction and sentence and was over 200 pages long, excluding attachments or supporting documents. 1 State Habeas Clerk's Record (SHCR) 16-237. The state habeas court then held a two-day evidentiary hearing, 2 SHCR 677-1034, and adopted in full the State's 50-page proposed findings of fact and conclusions of law, Supp. SHCR 4-66. Carefully pleading facts and arguments about this lengthy state court record is indispensable for obtaining relief in federal habeas.

Prior to filing his initial petition for writ of habeas corpus, counsel for Mr. Robinson moved to enlarge the page limit to 265 pages, citing the number and complexity of issues generated by Mr. Robinson's conviction and sentence. ECF No. 10. While awaiting a ruling on the motion, counsel elected to truncate pleading of many fact-intensive issues, relying extensively on incorporation of facts by reference to the state court record.  On November 8, 2017, Mr. Robinson filed an initial habeas petition that raised ten claims for relief and was 97 pages long—115 pages including tables and certificates. ECF No. 14. After Mr. Robinson filed the petition, this Court granted his request to file an overlength petition up to 115 pages. ECF No. 34. This Court also granted Mr. Robinson leave to file a reply brief double the limit provided by Local Rule CV-3 "in light of the length of the petition and response, as well as the number and complexity of important issues addressed by both documents." ECF No. 58.

On November 24, 2020, this Court granted Mr. Robinson the opportunity to amend his petition following the conclusion of subsequent state-court proceedings that had occurred while his federal habeas proceedings were stayed. ECF No. 84. In its November 24 order, this Court placed the parties on notice that Local Rule CV-3 remained in effect. Counsel for Mr. Robinson have been diligently preparing an amended petition consistent with this Court's November 24 order and Local Rule CV-3.

Due to the large state court record and additional developments in the case since Mr. Robinson filed his initial petition, however, an enlargement of the page limit is necessary to adequately inform this Court of the merits of Petitioner's claims for relief. After this Court stayed Mr. Robinson's federal habeas proceedings and held them in abeyance, Mr. Robinson presented a subsequent state habeas application to the Texas Court of Criminal Appeals, which

dismissed the petition. This post-petition development has created an even larger and more complicated record which Mr. Robinson must brief.

Since filing Mr. Robinson's initial habeas petition and reply brief, undersigned counsel has also developed additional facts in support of the petition. Counsel has secured both additional declarations from fact witnesses and identified significant new developments pertaining to the expert evidence adduced at trial and in post-conviction. Counsel has made every effort to ensure that these additional factual allegations do not unnecessarily lengthen the brief. In fact, counsel has already planned to winnow out at least one previously pled claim for relief.

Further cuts to the petition will harm Mr. Robinson's ability to present an adequate petition that could warrant relief. As a general matter, the rules of habeas corpus—unlike ordinary notice pleading—require pleading with particularity, so every claim Mr. Robinson makes in his petition must be well-supported with facts. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005); Rules Governing § 2254 Cases in the U.S. District Courts 2(c). Moreover, certain types of claims require especially fact-intensive pleading. For example, Mr. Robinson's claims alleging ineffective assistance of counsel during the punishment phase under *Strickland v. Washington*, 466 U.S 668 (1984), must plead facts sufficient for the court to undertake a "probing and fact-specific analysis." *Sears v. Upton*, 561 U.S. 945, 955 (2010). These claims require detailed pleading of what the jury heard, what counsel knew and did, what counsel could have done, and what potential effect that new information could have had on the jury's sentencing decision.

In sum, Mr. Robinson seeks an enlargement of the page limitation to allow him to adequately address the issues presented by the state court record and to include sufficient facts to support his claims for relief.

Counsel for Mr. Robinson have conferenced this request with counsel for Respondent Bobby Lumpkin, who indicate that Respondent opposes this request.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests leave to file an Amended Petition for Writ of Habeas Corpus no longer than 175 pages.

Respectfully submitted,

MAUREEN FRANCO
Federal Public Defender
Western District of Texas

 /s/ Joshua Freiman
JOSHUA FREIMAN
Assistant Federal Public Defender
Capital Habeas Unit
NY Bar No. 5353545
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

Counsel for Petitioner

DATED:  March 23, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2021, I electronically filed the foregoing reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Garrett Greene**
**Stephen Hoffman**
Texas Attorney General - Austin
300 West 15th Street
Austin, TX 78701-1220

/s/ Joshua Freiman

## CERTIFICATE OF CONFERENCE

I hereby certify that I have complied with Local Rule CV-7(h)'s conference requirements. The motion is opposed. On Monday, March 22, 2021, I e-mailed lead counsel for Respondent, Garrett Greene, to try to obtain Respondent's non-opposition to the motion. Mr. Greene responded on Tuesday, March 23 that Respondent is opposed.

/s/ Joshua Freiman