IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CORTNÉ MAREESE ROBINSON, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, Director, Texas § <br> Department of Criminal Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CAUSE NO. 1:17-cv-00011-RWS <br><br> CASE INVOLVING THE DEATH PENALTY |

**PETITIONER'S REPLY IN SUPPORT OF MOTION TO EXCEED PAGE LIMIT**

Petitioner Cortné Robinson has sought leave to file an amended petition for writ of habeas corpus not to exceed 175 pages. Respondent Director Bobby Lumpkin opposes Mr. Robinson's three-page motion in a seven-page response. Resp. in Opp. (Opp.), ECF No. 88. Mr. Robinson offers the following short reply.

First, contrary to the Director's suggestion, Mr. Robinson has shown that his case warrants a departure from the page-limit rule under the unique circumstances presented. *See* Opp. at 7 ("Robinson's run-of-the-mill arguments, if accepted, are applicable to virtually all death-penalty cases"). This Court has previously recognized that Mr. Robinson's case warranted exceeding ordinary page limitations. ECF No. 34 (granting leave to file 115-page initial petition); ECF No. 58 (granting leave to file 60-page reply).[1] This Court recognized these departures were justified "in light of … the number and complexity of important issues raised" by the petition and answer. ECF No. 58. Moreover, this Court concluded that three of Mr.

---

[1] Notably, the Director's position would provide far fewer pages than this Court has previously allowed. The Director would agree to no more than *five* (5) pages. Opp. at 6. This Court authorized *fifteen* (15) additional pages for the initial petition, ECF No. 34, and *thirty* (30) additional pages for the reply, ECF No. 58.

Robinson's unexhausted claims had sufficient merit to warrant a stay and abeyance of federal habeas proceedings. ECF No. 67 (finding Petitioner's Claims 1, 2, and 8 have "arguable merit").

Second, the Director demands Mr. Robinson bear an impractical burden to receive an enlargement of the page limit. He contends that Mr. Robinson should have filed a much longer motion enumerating the "specific claims" he seeks to expand and the specific "issues and factual developments" he intends to raise. Opp. at 4, 5. This approach defies the common experience of courts and practitioners.[2] Under the Director's approach, motions requesting leave to exceed a page limitation would become detailed previews of the very pleadings they discussed, opening a party's still-developing work-product to opposing counsel's attacks. This would defeat the purpose of Mr. Robinson's good-faith effort to raise the page-limitation issue two weeks before the filing deadline.

Third, the Director improperly transforms Mr. Robinson's motion about page limits into a battle over contested legal arguments that should be raised in the Director's responsive pleading. *Cf.* Order, ECF No. 84 (allowing Mr. Robinson to amend petition despite Director's opposition over "scope of amendment"). For example, the Director asserts that Mr. Robinson cannot adduce new evidence in support of any claims of ineffective assistance of counsel at the penalty phase. Opp. at 5-6 (citing—without elaboration—*Cullen v. Pinholster*, 563 U.S. 170 (2011)). And the Director suggests Mr. Robinson should only be permitted to add new evidence that he presented in his state subsequent writ proceeding. Opp. at 5. These arguments are not supported by law or fact. (Counsel for the Director—who also served as attorney *pro tem* in the subsequent writ proceeding—overlooks the fact that Mr. Robinson's subsequent writ application *did* expand his

---

[2] In fact, two of the Texas district court orders the Director relies on permitted enlargement of page limitations for petitions similar to what Mr. Robinson seeks here. Order, *Cade v. Davis*, No. 3:17-CV-03396G (N.D. Tex. Mar. 4, 2019), ECF No. 66 (authorizing 190 pages for amended petition); Order, *Cummings v. Davis*, No. 6:18-cv-00125-ADA, (W.D. Tex. Mar. 26, 2019), ECF No. 30 (authorizing 160 pages for petition).

arguments and allegations on his previously unexhausted claims.) The Director can explain his position on these disputed legal questions in due course. Until then, the Director's doubtful views should not foreclose Mr. Robinson's opportunity to make an adequate presentation of the numerous constitutional violations arising from his death-penalty trial.

For these reasons, Mr. Robinson respectfully requests leave to file an amended petition not to exceed 175 pages.

Respectfully submitted,
MAUREEN FRANCO
Federal Public Defender
Western District of Texas

 /s/ Joshua Freiman
JOSHUA FREIMAN
Assistant Federal Public Defender
Capital Habeas Unit
NY Bar No. 5353545
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)

Counsel for Petitioner

DATED: March 30, 2021

# CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2021, I electronically filed the foregoing reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Garrett Greene**
Texas Attorney General - Austin
300 West 15th Street
Austin, TX 78701-1220

                                                          /s/ Joshua Freiman